IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

SERGIO STARSKY DELATORRE,
    Petitioner,

vs.                                         Case No.: 1:17cv173/MW/EMT

JULIE JONES,
    Respondent.
_____/

**REPORT AND RECOMMENDATION**

    This cause is before the court on a petition for writ of habeas corpus filed by Petitioner under 28 U.S.C. § 2254 (ECF No. 1). Respondent filed a motion to dismiss for lack of jurisdiction or failure to state a claim upon which relief may be granted (ECF No. 16). The court directed Petitioner to respond to the motion to dismiss (*see* ECF No. 17), but Petitioner has not done so.

    The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C) and Fed. R. Civ. P. 72(b). After careful consideration of Respondent's motion to dismiss, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rule 8(a), Rules Governing Section 2254 Cases. It is further the

opinion of the undersigned that the record before the court shows that the habeas petition should be dismissed for failure to state a cognizable claim.

I.  BACKGROUND AND PROCEDURAL HISTORY

The relevant aspects of the procedural background of this case are established by the state court record (*see* ECF No. 16).[1] Petitioner was charged in the Circuit Court in and for Alachua County, Florida, Case No. 2014-CF-4044, with one count of trafficking in cocaine (400 grams or more but less that 150 kilograms) (Count I) and one count of bringing cocaine into the State (Count II) (Ex. A at 12–13). Petitioner's counsel filed a motion to suppress evidence discovered after a traffic stop and search of Petitioner's vehicle, on the ground that law enforcement officers violated the Fourth Amendment by extending the traffic stop to facilitate a dog sniff of the vehicle, which resulted in the discovery of cocaine in the vehicle (Ex. B at 153–55 (citing Rodriguez v. Untied States, 135 S. Ct. 1609, 191 L. Ed. 2d 492 (2015)). The trial court held an evidentiary hearing on the motion to suppress, at the conclusion of which the trial court denied the motion (Ex. A at 18–19, 74–131). Following disposition of the motion to suppress, Petitioner entered a written plea agreement, pursuant to which he agreed to enter a no contest plea to a reduced charge

---

[1] Hereinafter all citations to the state court record refer to the exhibits submitted with Respondent's motion to dismiss (ECF No. 16). If a cited page has more than one page number, the court cites to the "Bates stamp" page number.

Case No.: 1:17cv173/MW/EMT

of trafficking in a lesser amount of cocaine (200 grams or more but less than 400 grams) as to Count I, and a no contest plea as charged on Count II, in exchange for a total sentence of seven (7) years in prison, with jail credit of 542 days (*id.* at 35–40). Petitioner expressly reserved the right to appeal the court's denial of the dispositive motion to suppress (*id.*). At a hearing on May 25, 2016, the trial court accepted Petitioner's plea, adjudicated him guilty, and sentenced him in accordance with the plea agreement (*id.* at 132–45).

Petitioner appealed the judgment to the Florida First District Court of Appeal ("First DCA"), Case No. 1D16-2505 (*see* Ex. D). Petitioner's appellate counsel argued that the trial court erred in denying the motion to suppress (*id.*). The First DCA affirmed the judgment per curiam without written opinion on March 27, 2017, with the mandate issuing April 12, 2017 (Ex. F). Delatorre v. State, 224 So. 3d 212 (Fla. 1st DCA 2017) (Table).

Petitioner filed the instant federal habeas action on July 6, 2017 (*see* ECF No. 1). Petitioner's sole claim for relief is that the state court's adjudication of the Fourth Amendment issue presented in Petitioner's motion to suppress was based upon an unreasonable determination of the facts, and was contrary to, or an unreasonable application of, clearly established federal law (*id.* at 4–7).

II.   DISCUSSION

Respondent contends Petitioner's sole claim for relief is not cognizable on federal habeas, pursuant to Stone v. Powell, 428 U.S. 465, 96 S. Ct. 3037, 49 L. Ed. 2d 1067 (1976), because Petitioner received a full and fair hearing on the suppression issue in state court (*see* ECF No. 16 at 4–8). As previously noted, Petitioner has not responded to Respondent's argument.

The Stone v. Powell doctrine provides: "[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." 428 U.S. 465, 494, 96 S. Ct. 3037, 49 L. Ed. 2d 1067 (1976) (footnotes omitted). The Stone Court found that, in the habeas context, "the contribution of the exclusionary rule, if any, to the effectuation of the Fourth Amendment is minimal, and the substantial societal costs of application of the rule persist with special force." 428 U.S. at 494–95 (footnote omitted). "For a claim to be fully and fairly considered by the state courts, where there are facts in dispute, full and fair consideration requires consideration by the fact-finding court, and at least the availability of meaningful appellate review by a higher state court." Mincey v. Head, 206 F.3d 1106, 1126 (11th Cir. 2000) (internal quotation marks and citation omitted).

A state does not afford a defendant a full and fair opportunity to litigate the validity of a search under the Fourth Amendment when the state courts fail to make essential findings of fact. In Tukes v. Dugger, the Eleventh Circuit addressed whether Stone foreclosed review of the validity of a search when the defendant presented his argument, but the state courts failed to make findings of fact to resolve that argument. 911 F.2d 508, 513–14 (11th Cir. 1990). The Eleventh Circuit concluded that the state courts had failed to afford the defendant a full and fair opportunity to litigate the validity of the search when they did not make findings of fact about whether the defendant had invoked his right to counsel or was in custody when he consented to the search of his home. The court stated, "The trial court's failure to make explicit findings on matters essential to the fourth amendment issue, combined with the fact that the state appellate court issued only a summary affirmance, precludes a conclusion in this case that the state provided the meaningful appellate review necessary to erect a Stone v. Powell bar to our review of the claim." Id. at 514.

Here, the undersigned agrees with Respondent that this court's consideration of the Fourth Amendment claim is foreclosed by Stone v. Powell. The state court record demonstrates that prior to Petitioner's trial, defense counsel sought suppression of evidence obtained as a result of law enforcement's traffic stop and search of the vehicle driven by Petitioner, on the ground that the officers extended the stop, without

reasonable suspicion, in order to conduct a dog sniff of the vehicle (*see* Ex. B at 153–55). The dog sniff resulted in the discovery of approximately five (5) pounds of cocaine, which formed the basis for both criminal charges (i.e., trafficking in cocaine and bringing cocaine into the State) (*see* Ex. A at 1–3, 12–13). The trial court held an evidentiary hearing on the motion to suppress on November 23, 2015 (Ex. A at 74–131). The State presented testimony from the two law enforcement officers who conducted the stop and search (*see id.* at 82–116). Petitioner's counsel cross-examined the State's witnesses, and had an opportunity to present evidence in support of the motion to suppress (*see id.*). The trial court heard legal arguments from the defense and the State, which focused primarily on Rodriguez (*id.* at 116–28). At the conclusion of the evidentiary hearing, the court orally ruled that, based upon the evidence presented at the hearing, the officers had reasonable suspicion to extend the stop (*id.* at 128–29). Following the suppression hearing, the trial court issued a written order, which included factual findings essential to the Fourth Amendment issue presented in the motion to suppress (*id.* at 18–19). The written order included references to evidence adduced at the evidentiary hearing, as well as the court's legal conclusions on the Fourth Amendment issue (*see id.*). Petitioner's counsel filed a motion for reconsideration, citing a state court decision published after the court's order denying the motion to suppress (*id.* at 20–22). The trial court denied the motion

for reconsideration, distinguishing the facts of Petitioner's case from the facts of the case cited by Petitioner (*id.* at 23–26).

Petitioner filed a direct appeal, presenting only the Fourth Amendment issue (Ex. D). The appellate record included the motion to suppress, a transcript of the evidentiary hearing, the trial court's written order, Petitioner's motion for reconsideration, and the trial court's written order denying the motion for reconsideration (Exs. A, B). The state appellate court summarily affirmed the trial court's ruling on the suppression issue (Ex. F).

Petitioner was provided "full and fair" consideration of the Fourth Amendment issue in state court. Although the state appellate court issued only a summary affirmance, the trial court made explicit findings on matters essential to the Fourth Amendment issue, based upon the evidence adduced at the evidentiary hearing. Petitioner was thus provided consideration by the fact-finding court, and at least the availability of meaningful appellate review by a higher state court. Under <u>Stone v. Powell</u>, this federal court is precluded from granting habeas relief on Petitioner's Fourth Amendment claim, which is the only claim presented in Petitioner's § 2254 petition.

III. CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

"Section 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (quoting § 2253(c)(2)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" Buck v. Davis, 580 U.S.—, 137 S. Ct. 773 (2017) (quoting Miller-El, 537 U.S. at 327). Here, Petitioner cannot make that showing. Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should

issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. That Respondent's motion to dismiss (ECF No. 16) be **GRANTED**.

2. That Petitioner's § 2254 petition (ECF No. 1) be **DISMISSED** for failure to state a cognizable claim, pursuant to Stone v. Powell, 428 U.S. 465, 494, 96 S. Ct. 3037, 49 L. Ed. 2d 1067 (1976).

3. That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 9th day of August 2018.

/s/ Elizabeth M. Timothy
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No.: 1:17cv173/MW/EMT